# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

In Re:                                                             Chapter 7

Altendorf Transport, Inc.                              Bky. Case No. 14-30651

      Debtor.
_____

## MOTION TO PERMIT THE FILING OF A CLASS PROOF OF CLAIM WITH SUPPORTING MEMORANDUM

      Creditors, Andrew Murray, Tim Chapman, Ruan Gouws, Hugh Barron, Raymond Owen, Morne Vivier, Dorin Butnariu, and Andre Marneweck, by and through their attorney, and pursuant to Rules 7023 and 9014 of the Federal Rules of Bankruptcy Procedure, respectfully submit this Motion to Permit the Filing of a Class Proof of Claim (the "Motion") seeking entry of an order allowing the entry of one (1) Proof of Claim for the class of plaintiffs ("the class"), as certified in the class action proceeding in North Dakota Federal District Court, Case No. 2:10-cv-00103, titled <u>Murray et al v. Altendorf Transport, Inc. et al.</u> The grounds for the Motion are as follows:

1.      This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334.

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief sought herein are, *inter alia*, §§ 105, 361 and 362 of the Bankruptcy Code, and Bankruptcy Rules 4001 and 9014.

## PARTIES

4.      On December 17, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5.      The Creditors are the class representatives of a certified class of former employees of the Debtor.

1

## THE LITIGATION

6.  Creditors are members of the class in <u>Murray et al. v. Altendorf,</u> which was filed on October 28, 2010 in United States District Court for the District of North Dakota. <u>See</u> <u>Murray et al. v. Altendorf Transport, Inc. et al.</u>, 2:10-cv-00103-RRE-CSM. Creditors (the named plaintiffs), are foreign nationals who worked for Debtor and Jan Altendorf in Debtor's custom harvesting operations under the H-2A visa program. Debtor relied heavily on temporary foreign workers like Creditors, because it was "unable to adequately staff their harvesting operation with domestic farm laborers[]" therefore often "utilize[d] the H-2A work visa program." <u>Id.</u> at Doc. #168, p. 5.

7.  As noted in the Amended Complaint filed in that case on April 17, 2013, prior to being certified, the Creditors pled both individual claims against Debtor and Jan Altendorf and sought certification of a class action on behalf of all similarly situated persons. <u>Id.</u> at Doc. #78.

8.  Specifically, Creditors sought individual relief for willful violations of the Fair Labor Standards Act, North Dakota state law regarding payment of minimum wages, violation of the Trafficking Victims Protection Act, and breach of contract. <u>Id.</u> at 9-17. On July 3, 2013, Creditors moved for class action certification of the breach of contract claim under Rule 23 of the Federal Rules of Civil Procedure. <u>Id.</u> at #94. On March 12, 2014, the court granted Creditors' motion for sanctions under Rule 37(b), deeming established as fact:

> **[t]hat for any and all class members who were employed by Defendants from October 24, 2004 through December 31, 2007, Defendants' general employment policies, as established by common evidence, result in classwide breach of the uniform contracts at issue in this case and resulting expectation damages; and [t]hat any and all class members who were employed by Defendants from October 24, 2004 through December 31, 2007 be deemed members of Class III.**

<u>Id.</u> at Doc #166, p. 11.

9. On March 28, 2014, the court granted Creditors' motion for class action certification of the breach of contract claim, benignly denying Creditors' ministerial request that the class action proceed as three separate subclasses. Id. at Doc. #168, p. 2. The class was defined by the court as follows: "all nonsupervisory workers employed by Defendants under H-2A temporary work visas at any time between October 28, 2004 and the date of judgment in this matter."[1] Id. at p. 2.

10. The case was thereafter actively litigated until Debtor's notice of bankruptcy was served on December 17, 2014. Id. at Doc. 265. Apart from the adverse factual finding establishing breach of contract as a matter of law for certain class members discussed above, no other judgment was rendered by the court prior to the order staying the case was issued on January 9, 2015. Id. at Doc. #268.

11. On November 5, 2014, Creditors filed a motion for leave to file a second amended complaint.

12. Exactly two weeks after Creditors briefed the motion for leave to file a second amended complaint, the Debtor filed a notice of bankruptcy.

## **RELIEF REQUESTED**

---

[1] The class is made up of "all nonsupervisory workers employed by Defendants under H-2A temporary work visas at any time between October 28, 2004 and the date of judgment in this matter[ ]" **excluding**: Ovidiu Mihai (Doc. #205 on June 30, 2014); John Richards (Doc. #207 on July 7, 2014); Colm Quinlan (Doc. #208 on July 7, 2014); Tudor Sorin Gordan (Doc. #209 on July 7, 2014); Ivan Florin (Doc. #210 on July 7, 2014); Boligrad George Catalin (Doc. #211 on July 7, 2014); Agapie Teodor (Doc. #212 on July 7, 2014); Csaba Gyomgyosi (Doc. #213 on July 7, 2014); Craciun Stefan (Doc. #214 on July 7, 2014); Alistair Judd (Doc. #214 on July 14, 2014); Elizabeth Louise Tonkin (Doc. #216 on July 18, 2014); Neil Botha (Doc. #220 on July 21, 2014); Roger Quint (Doc. #221 on July 24, 2014); Colum Mc Donald (Doc. #222 on July 28, 2014); Michael Dean (Doc. #223 on July 29, 2014); Karen Bellamy (Doc. #229 on August 19, 2014); Paul Bellamy (Doc. #230 on August 19, 2014); Neil De Jager (Doc. #231 on August 19, 2014); Ryan Wall (Doc. #232 on August 21, 2014); Brian Dowdle (Doc. #235 on August 21, 2014); Arnout Gheorghe (Doc. #236 on August 21, 2014); Tunea Marian (Doc. #237 on August 21, 2014); Paul Gleeson (Doc. #238 on August 21, 2014); Benjamin Wiese (Doc. #239 on August 21, 2014); Robertino Marian Miha (Doc. #241 on August 22, 2014); Murray John Scobie (Doc. #242 on August 25, 2014); Grant Hubbard (Doc. #243 on August 25, 2014); Colin W. Perry (Doc. #246 on August 27, 2014); Attilla Nagy (Doc. #247 on September 2, 2014); Jacob Van Nickerk (Doc. #248 on September 2, 2014); Johann Reinecke (Doc. #249 on September 8, 2014); Jacobus Francois Kriel (Doc. #250 on September 11, 2014); Neil T. Fendrup (Doc. #251 on September 11, 2014); Hendrik Byleveld (Doc. #252 on October 23, 2014).

13. Creditors seek the entry of an order permitting them to file one (1) Proof of Claim on behalf of the class. Although there is no *absolute right* to do so, the Court should exercise discretion in permitting Movants to file a proof of claim for the class. See In re Charter Co., 876 F.2d 866, 876 (11th Cir. 1989) (holding class action procedures are applied at the discretion of the bankruptcy judge."). Courts routinely permit a class of certified plaintiffs to file a single proof of claim. See e.g., In re Sacred Heart Hosp., 177 B.R. 16, 23 (Bankr. E.D. Pa 1995) (classes certified prepetition are "best candidates" for class proof of claim); Collier on Bankruptcy, § 10-7023 (15th Edition) (discussing similar cases and stating that "the prevailing view" is to allow class claims). While, other courts have held that class proofs of claim may be inappropriate where a class was not certified pre-petition in a non-bankruptcy forum, that is not the case here since the class was certified in March of 2014. See, e.g., In re Trebol Motors Distrib. Corp., 220 B.R. 500, 502 (B.A.P. 1st Cir. 1998); In re Ret. Builders, Inc., 96 B.R. 390, 391 (Bankr. S.D. Fla. 1988); In re Ephedra Prods. Liab. Litig., 329 B.R.1, 5 (Bankr. S.D.N.Y. 2005). See also In re Kaiser Group Int'l, Inc., 278 B.R. 58, 64 (Bankr. D. Del. 2002) (permitting class claim even though class was not certified pre-petition); In re Mortg. & Realty Trust, 125 B.R. 575, 578 (Bankr. C.D. Cal 1991) (allowing a class claim where the class was not certified until post-petition by the district court).

14. In this case, the rationale for filing a single proof of claim is straightforward: The Creditors are members of a certified class, and all elements under Rule 7023 exist. Additionally, given the geographic disbursement and unfamiliarity with the US legal system, requiring the individual class members to each file a proof of claim is unnecessarily burdensome. Accordingly, the Court should permit the Creditors to file a single proof of claim on behalf of the class.

WHEREFORE, the Movants request an Order:

(a) Permitting Movants to file a single proof of claim on behalf of the class; and

(b) Granting such other relief as this Court deems just and proper.

Respectfully submitted this 16th day of July, 2015.

/s/ Mac Schneider_____
Mac Schneider
ND ID # 06476
Schneider, Schneider & Schneider
815 Third Avenue South
Fargo, ND 58103
701-235-4481
mac@schneiderlawfirm.com
*Counsel for the Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2015, a copy of the foregoing Motion was filed and served via the Court's Electronic Case Filing System on all parties receiving such notice.

/s/ Mac Schneider_____
Counsel

5