IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re )<br>)<br>Altendorf Transport, Inc., )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Debtor. ) | Case No.: 14-30651<br><br>Chapter 7<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY AND TO COMPEL ABANDONMENT, AND NOTICE OF OPPORTUNITY FOR HEARING** |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES the Creditor, GF FINANCE, INC. ( the "**Creditor**"), by and through its attorney of record, MICHAEL A. LOESEVITZ, ESQ. of the law firm of CAMRUD, MADDOCK, OLSON & LARSON, LTD., and pursuant to Rule 4001, Rule 9014 and Rule 6007(b) of the Federal Rules of Bankruptcy Procedure and Sections 362 and 554(b) of the Bankruptcy Code, hereby moves this Honorable Court for relief from the automatic stay imposed by Section 362 of the Bankruptcy Code and to compel the trustee to abandon property of the estate. In support of this Motion, the Creditor states as follows:

**I.    FACTUAL ALLEGATIONS**

1) The Debtor initiated the instant bankruptcy proceeding pursuant to Chapter 7 of the Bankruptcy Code with the filing of a Voluntary Petition on December 17, 2014.

2) Prior to the commencement of the instant bankruptcy proceeding the Debtor, Altendorf Transport, Inc. (hereinafter the "**Debtor**") executed and delivered to the Creditor certain Security Agreements and Lease & Finance Agreements. See Exhibit D attached to Affidavit of Hadley Freng. In return for the signed Security

Agreements and Lease & Finance Agreements Debtor, for value received, promised and agreed to pay to Creditor various sums for the lease of equipment, trucks, trailers, etc. for the benefit of Debtor's business.

3) As part of the Security Agreements and Lease & Finance Agreements, titles were placed in Creditor's name or listing Creditor as a lienholder.  See Exhibit C (Titles), attached to the Affidavit of Hadley Freng.  In addition, Debtor is subject to the 2014 Security Agreement for all equipment.  See Exhibit D attached to the Affidavit of Hadley Freng.

4) The total due by Debtor to Creditor under the Security Agreements and Lease & Finance Agreements is $2,366,165.32.  See Exhibit A attached to the Affidavit of Hadley Freng.

5) A summary showing Creditor's security interest in Debtor's property (in order by Debtor's Schedule B listing), is attached as Exhibit B to the Affidavit of Hadley Freng.

6) The Affidavit of Hadley Freng, along with its attached Exhibits, is provided in support of Creditor's Motion for Relief from Automatic Stay.

7) Debtor is in default under the Security Agreements and Lease & Finance Agreements. The amount in default under each contract is outlined in Exhibit A attached to the Affidavit of Hadley Freng.

8) Debtor's Schedule B lists some of Debtor's property as having a security interest by Creditor, but fails to include all items Creditor has a security interest in.  Exhibit B attached to the Affidavit of Hadley Freng provides a listing of all of Debtor's property in which Creditor has a security interest.

9) The titles to some of the property lists other lien holders. Creditor will work with these lien holders to release their liens prior to selling each item of property.

## II. LEGAL ARGUMENT

### A. The Court May Compel the Trustee to Abandon the Property Because the Property is of Inconsequential Value and Benefit to the Estate

10) 11 U.S.C. §554(b) provides that "the court may order the trustee to abandon any property of the estate … that is of inconsequential value and benefit to the estate."

11) At this time, Debtor's equipment, trucks, trailers, etc. are secured by Creditor's Security Agreements and Lease & Finance Agreements in the amount of $2,366,165.32. The value listed by Debtor for all un-abandoned property is less than the amount owed to GF Finance. Under 11 U.S.C. §363(b), the trustee would only be permitted to sell the property if the amount for which the property "is to be sold is greater than the aggregate value of all liens on such property." 11 U.S.C. §363(f)(3). Thus, in order for the bankruptcy estate to benefit from the proceeds of the sale, the trustee would need to sell the Debtor's property for an amount greater than $2,366,165.32.

12) Based upon Debtor's Schedule B the value of Debtor's property is less than the amount due Creditor under its Security Agreements and Lease & Finance Agreements.

13) Accordingly, pursuant to 11 U.S.C. §554(b), it is appropriate for this Court to compel the trustee to abandon the Property because the Property is of inconsequential value to the estate.

### B. The Automatic Stay Should Be Terminated "For Cause"

14) 11 U.S.C. §362(d)(1) provides,

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

15) "Cause" for terminating the stay exists for the following reasons:

- The Debtor has failed to make its monthly payments as required by the Security Agreements and the Lease & Finance Agreements as shown on Exhibit A to the Affidavit of Hadley Freng.

- The equipment that is subject to Creditor's security interest will continue to deteriorate in value as time passes, and Creditor is not adequately protected.

- No beneficial purpose would be served by allowing the stay to remain applicable to the property because the Debtor has no need to retain its interest in the property.

16) As such, "cause" exists for terminating the automatic stay pursuant to 11 U.S.C. §361(d)(1) to allow GF Finance to take possession of the equipment it has a security interest in.

WHEREFORE, Creditor, by counsel, prays that:

    A.    The automatic stay imposed by 11 U.S.C. §362 be terminated with respect to the property listed on Exhibit B attached to the Affidavit of Hadley Freng.

    B.    The temporary 14-day stay following entry of the Relief Order be waived and the Creditor be permitted to immediately enforce and implement the Relief Order.

    C.    The trustee be compelled to abandon the property listed on Exhibit B attached to the Affidavit of Hadley freng.

DATED this 24th day of November, 2015.

/s/ Michael A. Loesevitz
MICHAEL A. LOESEVITZ, ND ID # 06817
For:   Camrud, Maddock, Olson, & Larson, Ltd.
401 Demers Avenue, Suite 500
P.O. Box 5849
Grand Forks, ND  58206 5849
Telephone:    (701) 775-5595
Facsimile:    (701) 772-3743
Email:        mloesevitz@camrudlaw.com
Attorneys for GF Finance, Inc.

## NOTICE OF OPPORTUNITY FOR HEARING

TO:   DEBTOR, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES

YOU ARE HEREBY NOTIFIED that the annexed Motion for Relief from Automatic Stay and to Compel Abandonment has been filed by the law firm of CAMRUD, MADDOCK, OLSON & LARSON, LTD., PO Box 5849, Grand Forks, ND 58206-5849, as attorneys for Alerus Financial, N.A., Creditor.

YOU ARE HEREBY FURTHER NOTIFIED that, unless you or another party in interest files an objection in writing to the relief requested in the Motion, within fourteen (14) days after mailing of this notice, the relief requested may be granted without further notice or order of the Court, or after said date.

YOUR ARE HEREBY FURTHER NOTIFIED that, if an objection in writing to the relief requested in the Motion is timely filed, any party in interest may obtain a hearing on the Motion and the objection.  An objection must be filed both with the U.S. Bankruptcy Court

Clerk's Office, Quentin N. Burdick United States Courthouse, 655 First Avenue North, Suite 210, Fargo, ND 58102-4932, and with the attorney whose name is shown below.

DATED this 24th day of November, 2015.

                              /s/ Michael A. Loesevitz_____
                              MICHAEL A. LOESEVITZ, ND ID # 06817
For:   Camrud, Maddock, Olson, & Larson, Ltd.
        401 Demers Avenue, Suite 500
        P.O. Box 5849
        Grand Forks, ND  58206 5849
        Telephone:   (701) 775-5595
        Facsimile:   (701) 772-3743
        Email:   mloesevitz@camrudlaw.com
        Attorneys for Creditor GF Finance, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Motion for Relief from Automatic Stay and Notice of Opportunity for Hearing was served, on the 24th day of November 2015, upon the following by:

**First Class Mail Postage Prepaid**

Altendorf Transport, Inc.
133 Harvey Avenue
P.O. Box 356
Minot, ND 58261-0356

**ECF**

Cheryl Bergian, Bankruptcy Trustee

Jon R. Brakke, Debtor's Attorney

Internal Revenue Service

U.S. Trustee

                              /s/ Michael A. Loesevitz\_\_\_\_
                              MICHAEL A. LOESEVITZ